UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OLIVER BRUCKAUF, as Parent and Natural Guardian
of E.B.[1], and OLIVER BRUCKAUF, Individually;

JANERIS RODRIGUEZ MEJIA, as Parent and Natural
Guardian of E.R., and JANERIS RODRIGUEZ MEJIA,
Individually;

MAYTINEE BIRD, as Parent and Natural Guardian
of H.C., and MAYTINEE BIRD, Individually;

DONNA CORNETT, as Parent and Natural Guardian
of J.B., and DONNA CORNETT, Individually;

KAMOLPORN LUMMAYOS, as Parent and Natural
Guardian of R.L., and KAMOLPORN LUMMAYOS,
Individually;

CLAUDIA RIVAS, as Parent and Natural Guardian of S.C.,
and CLAUDIA RIVAS, Individually;

SANDRA LEE, as Parent and Natural Guardian of V.G.,
and SANDRA LEE, Individually;

CRYSAL CROSLEY, as Parent and Natural Guardian of Z.C.,
and CRYSAL CROSLEY, Individually;

MADELINE GRULLON, as Parent and Natural Guardian
of C.B., and MADELINE GRULLON, Individually;

MARIA HIDALGO, as Parent and Natural Guardian of
L.S., and MARIA HIDALGO, Individually;

ADEJUMOKE OGUNLEYE, as Parent and Natural
Guardian of D.O., and ADEJUMOKE OGUNLEYE,
Individually;

ROSA ELBA de PAULINO, as Parent and Natural
Guardian of R.P., and ROSA ELBA de PAULINO,
Individually;

---

[1] Although the full name of the Parent is used in the Complaint and Order to Show Cause herein, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect the Student's privacy.

MARTINE THOMAS and SCOTT THOMAS,
as Parents and Natural Guardians of A.T.1, and
MARTINE THOMAS and SCOTT THOMAS,
Individually;

SHANTEL TALLEY, as Parent and Natural
Guardian of A.C., and SHANTEL TALLEY,
Individually;

MARLENE VASQUEZ, as Parent and Natural Guardian
of L.C., and MARLENE VASQUEZ, Individually;

LINDA LARACH-COHEN, as Parent and Natural
Guardian of M.C., and LINDA LARACH-COHEN,
Individually;

MARILYN BECKFORD, as Parent and Natural
Guardian of M.B., and MARILYN BECKFORD,
Individually;

PATRICK DONOHUE, as Parent and Natural
Guardian of S.J.D., and PATRICK DONOHUE,
Individually,

                            **COMPLAINT**

                 Plaintiffs,

    -against-                         **25-cv-**

MELISSA AVILES-RAMOS, in her official capacity as
Chancellor of the New York City Department of
Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

                 Defendants.

-----------------------------------------------------------------**X**

      **PLAINTIFFS**, as Parents and Natural Guardians of their respective children with disabilities ("Students"),[2] and Individually, as and for their Complaint, allege as follows:

## PRELIMINARY STATEMENT

1. The Individuals with Disabilities Education Act ("IDEA") offers federal funds to states in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all

---

[2] As defined by 20 U.S.C. § 1401(3).

children with physical or intellectual disabilities. *See* 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities).

2.  As defined in the IDEA, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs, and supportive services sufficient to allow the child to benefit from the instruction. 20 U.S.C. § 1401(26) and (29).

3.  An eligible child acquires a substantive right to such an education once a State accepts the IDEA's financial assistance from the Federal Government.

4.  Under the IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5.  An IEP is a unique educational program specially designed to meet the particular needs of a child with disabilities, which is created only after carefully considering the child's current levels of achievement, disability, and potential for growth. §§ 1414(d)(1)(A)(i)(I)-(IV), (d)(3)(A)(i)-(iv).

6.  A school district's IEP must be specially designed to meet the unique needs of a child with disabilities.

7.  To meet its substantive obligation under the IDEA, a school district must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances.

8.  A school district fulfills its substantive obligations under the IDEA when it provides an IEP reasonably calculated to enable a child to make some educational progress and advancement from year to year—progress that is appropriate in light of the child's circumstances and is something more than mere trivial advancement.

9.  Each Student here suffers from a brain injury or brain-based disorder that adversely affects

their educational abilities and performance.

10. On July 2, 2024, each Plaintiff brought a Due Process Complaint ("DPC") against DOE alleging, among other things, that DOE did not provide their Student a FAPE for the 2024-2025 school year ("SY"), that the International Academy of the Brain ("iBRAIN") and related services was an appropriate unilateral placement, and that equities favored their request for direct payment of tuition and related services, including special transportation services and nursing services, where applicable, of the unilateral placement, in accordance with their respective agreements. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[3]

11. As part of each DPC, Plaintiffs requested that DOE fully fund each Student's placement at iBRAIN, including special transportation and nursing services, where applicable, as pendency, to maintain the Student's status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN was the Pendency placement at the time the due process proceedings commenced, which established each Student's pendency throughout the administrative and judicial proceedings relative to each Plaintiff's DPC for the 2024-2025 SY.

12. During the 2024-2025 SY, Plaintiffs OLIVER BRUCKAUF, JANERIS RODRIGUEZ MEJIA, MAYTINEE BIRD, DONNA CORNETT, KAMOLPORN LUMMAYOS, CLAUDIA RIVAS, SANDRA LEE, and CRYSAL CROSLEY filed a federal action in the

---

[3] Attached to each Plaintiff's DPC for the 2024-2025 SY were several documents that were relevant to each Student's educational program/placement for the 2024-2025 school year. Each document was marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** was the Ten-Day Notice; **Exhibit B** was the Pendency Implementation Form; **Exhibit C** was the legal basis for Pendency, i.e., a final administrative order; **Exhibit D** was a proposed Order of Pendency; **Exhibit E** was the iBRAIN Annual Enrollment Contract; **Exhibit F** was the Sisters Travel and Transportation ("Sisters") School Transportation Annual Service Agreement; and **Exhibit G** was the Nursing Service Annual Agreement, where applicable.

Southern District of New York seeking to establish and enforce their Students' Pendency Rights for the 2024-2025 SY. The matter, *Bruckauf et al v. Banks et al*, 1:24-cv-05136-LGS, was assigned to Judge Lorna G. Schofield. The Plaintiffs' Motion for a Preliminary Injunction was denied on May 21, 2025, which has been appealed to the Second Circuit, pending an expedited appeal (*see Bruckauf v. Aviles-Ramos*, Appeal No. 25-1355). The Defendants are challenging each Student's pendency placement/program and its funding obligations in *Bruckauf v. Aviles-Ramos.*

13. During the 2024-2025 SY, Plaintiffs MADELINE GRULLON, MARIA HIDALGO, ADEJUMOKE OGUNLEYE, and ROSA ELBA de PAULINO filed a federal action in the Southern District of New York seeking to establish and enforce their Students' Pendency Rights for the 2024-2025 SY. The matter, *Ramos et al v. Banks et al*, 1:24-cv-05109-LGS, was assigned to Judge Lorna G. Schofield. The Plaintiffs' Motion for a Preliminary Injunction was denied on May 21, 2025, which has been appealed to the Second Circuit, pending an expedited appeal (*see Ramos v. Aviles-Ramos*, Appeal No. 25-1321). The Defendants are challenging each Student's pendency placement/program and its funding obligations in *Ramos v. Aviles-Ramos.*

14. During the 2024-2025 SY, Plaintiffs MARTINE THOMAS and SCOTT THOMAS, SHANTEL TALLEY, MARLENE VASQUEZ, LINDA LARACH-COHEN, MARILYN BECKFORD, and PATRICK DONOHUE filed a federal action in the Southern District of New York seeking to establish and enforce their Students' Pendency Rights for the 2024-2025 SY. The matter, *Thomas et al v. Banks et al*, 1:24-cv-05138-JLR, was assigned to Judge Jennifer L. Rochon. The Plaintiffs' Motion for a Preliminary Injunction was denied on June 5, 2025, which has been appealed to the Second Circuit, pending an expedited appeal (*see*

*Thomas v. Banks*, Appeal No. 25-1451). The Defendants are challenging each Student-Plaintiffs' pendency placement/program and its funding obligations in *Thomas v. Aviles-Ramos.*

15. Unless the school district and the Parent agree otherwise, federal and state law requires the child to remain in their then-current educational placement during the pendency of a due process proceeding. *See* 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a); N.Y. Educ. Law §4404(a) (McKinney).

16. The term "then-current educational placement" has been found to mean either (1) the placement described in the Student's most recently implemented IEP; (2) the operative placement functioning at the time the due process proceeding was commenced; or (3) the placement at the time of the previously implemented IEP.

17. In most cases, the term "then-current educational placement" in the stay-put provision typically refers to a child's last agreed-upon educational program before the Parent requests a due process hearing to challenge the child's IEP.

18. A student's last agreed-upon placement, or final unappealed administrative decision regarding placement, establishes a student's Pendency Placement.[4]

19. Pendency provides stability and consistency in the education of a student with a disability and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

20. Each Plaintiff has filed a DPC against DOE alleging, among other things, that DOE did not provide their Student a FAPE for the 2025-2026 SY, that iBRAIN and related services is an

---

[4] *See Student X v. New York City Dep't of Educ.*, No. 07-CV-2316(NGG)RER, 2008 WL 4890440, at *23 (E.D.N.Y. Oct. 30, 2008); Letter to Hampden 49 IDELR 197.

appropriate unilateral placement, and that equities favored their request for direct payment of tuition and related services, including special transportation services and nursing services, where applicable, of the unilateral placement, in accordance with their respective tuition, special transportation, and nursing service agreements. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[5]

21. Plaintiffs bring this action on their behalf and on behalf of their respective children for a pendency order, finding that iBRAIN, along with related services such as special transportation and nursing services, where applicable, is each Student's pendency placement for the 2025-2026 SY, in accordance with their respective tuition, special transportation, and nursing services agreements between the providers and Plaintiffs.

22. "The IDEA's stay-put provision is triggered when a change in placement is proposed; a fundamental change in, or elimination of, a basic element of the educational program constitutes a change in placement." *Spilsbury v. D.C.*, 307 F. Supp. 2d 22, 27 (D.D.C. 2004) (quoting *Lunceford v. D.C. Bd. of Educ.*, 745 F.2d 1577, 1582 (D.C. Cir. 1984)).

23. An aggrieved family need not seek a pendency order through the administrative process and may instead enforce their pendency rights via injunctive order from a federal court.

24. Because there is no exhaustion of administrative remedies requirement to 20 U.S.C. § 1415(j), a federal court has jurisdiction to issue a "stay-put" or "pendency" order pending the outcome of the due process hearing.

---

[5] Attached to each Plaintiff's DPC for the 2025-2026 SY are several documents that are relevant to each Student's educational program/placement for the 2025-2026 SY. Each document was marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., a final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement, where applicable.

25. Each Student has a previous final administrative order establishing iBRAIN and each Student's related services, including special transportation and/or nursing, as their Pendency program/placement for the 2025-2026 SY, in accordance with their respective tuition, special transportation, and nursing service agreements.

26. Each Plaintiff requests an order declaring iBRAIN, along with special transportation and nursing services, where applicable, as their respective Student's Pendency program/placement during the administrative and/or judicial proceedings relative to their DPC for the 2025-2026 SY, in accordance with their respective tuition, special transportation, and nursing service agreements.

27. Each Plaintiff requests an order requiring Defendants to fund each Student's program/placement at iBRAIN, along with special transportation and nursing services, where applicable, in accordance with their respective tuition, special transportation, and nursing service agreements, throughout the administrative and/or judicial proceedings relative to their DPC for the 2025-2026 SY.

28. Since pendency has the effect of an automatic injunction, Plaintiffs need not meet the traditional requirements for injunctive relief, such as the likelihood of success on the merits, irreparable harm, or a balancing of the hardships, to obtain a pendency order.

29. If Plaintiffs are required to meet the traditional requirements for injunctive relief, they can show they meet such requirements.

## JURISDICTION AND VENUE

30. This case arises under a federal statute, the IDEA (20 U.S.C. § 1400 *et seq.*), and the regulations of the United States Department of Education, which were promulgated under authority granted by statute. 34 C.F.R. Part 300.

31. This Court has subject-matter jurisdiction of the matter pursuant to 28 U.S.C. § 1331 in that claims arise under federal law, including the IDEA and 42 U.S.C. § 1983.

32. This Court has subject-matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.

33. To the extent this case involves questions about special education rights under New York State Law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

34. This Court may grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, implemented through Fed. R. Civ. P. 57.

35. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York in that Defendants MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "Defendants") maintain a business office in New York County.

36. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. §1415(j) if found to be prevailing parties.

## THE PARTIES

37. At all relevant times herein, Defendant MELISSA AVILES-RAMOS was and is the Chancellor of the New York City Department of Education and is being sued in her official capacity as Chancellor.

38. At all relevant times herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is, and was, a corporate body created by Article 52 of the New York State Education Law, CLS N.Y. Educ. Law § 2550 (McKinney) *et seq.*, that manages and controls the educational affairs of the New York City public schools and is required to do so in

compliance with state and federal laws and regulations not in conflict with their underlying statutory authority.

39. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is the Local Education Agency ("LEA"), defined in 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing a FAPE to each Student with a disability.

40. Defendants receive federal funds for their commitment to furnish a FAPE to all children with certain physical and/or intellectual disabilities in the City of New York. 20 U.S.C. §1401(3)(A) (listing covered disabilities).

41. Defendants' principal place of business is located at 52 Chambers Street, in the County and State of New York.

42. DOE's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

43. Plaintiff OLIVER BRUCKAUF is the Parent and Natural Guardian of E.B.

44. E.B. is a minor.

45. E.B. is a seventeen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

46. Plaintiff OLIVER BRUCKAUF and E.B. lived in the City of New York at all relevant times here.

47. E.B. is entitled to receive a FAPE and related services from DOE.

48. Since E.B. is a student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

49. DOE must provide E.B. with an IEP every year so long as E.B. remains qualified under the IDEA.

50. Plaintiff JANERIS RODRIGUEZ MEJIA is the Parent and Natural Guardian of E.R.

51. E.R. is a minor.

52. E.R. is a fifteen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

53. E.R. is entitled to receive FAPE and related services from DOE.

54. Plaintiff JANERIS RODRIGUEZ MEJIA and E.R. lived in the City of New York at all relevant times here.

55. Since E.R. is a student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

56. DOE must provide E.R. with an IEP every year so long as he remains qualified under the IDEA.

57. Plaintiff MAYTINEE BIRD is the Parent and Natural Guardian of H.C.

58. H.C. is a minor.

59. H.C. is a nine-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

60. Plaintiff MAYTINEE BIRD and H.C. lived in the City of New York at all relevant times here.

61. H.C. is entitled to receive FAPE and related services from DOE.

62. Since H.C. is a student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

63. DOE must provide H.C. with an IEP every year so long as she remains qualified under the IDEA.

64. Plaintiff DONNA CORNETT is the Parent and Natural Guardian of J.B.

65. J.B. is a minor.

66. J.B. is a twelve-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

67. Plaintiff DONNA CORNETT and J.B. lived in the City of New York at all relevant times

here.

68. J.B. is entitled to receive a FAPE and related services from DOE.

69. Since J.B. is a student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

70. DOE must provide J.B. with an IEP every year so long as she remains qualified under the IDEA.

71. Plaintiff KAMOLPORN LUMMAYOS is the Parent and Natural Guardian of R.L.

72. R.L. is a minor.

73. R.L. is an eight-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

74. Plaintiff KAMOLPORN LUMMAYOS and R.L lived in the City of New York at all relevant times here.

75. R.L is entitled to receive a FAPE and related services from DOE.

76. Since R.L. is a student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

77. DOE must provide R.L. with an IEP every year so long as she remains qualified under the IDEA.

78. Plaintiff CLAUDIA RIVAS is the Parent and Natural Guardian of S.C.

79. S.C. is a minor.

80. S.C. is a fourteen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

81. Plaintiff CLAUDIA RIVAS and S.C. lived in the City of New York at all relevant times here.

82. S.C. is entitled to receive a FAPE and related services from DOE.

83. Since S.C. is a student with a disability, the DOE must provide him with a FAPE under the IDEA and New York Education Law.

84. DOE must provide S.C. with an IEP every year so long as he remains qualified under the IDEA.

85. Plaintiff SANDRA LEE is the Parent and Natural Guardian of V.G.

86. V.G. is a nineteen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

87. Plaintiff SANDRA LEE and V.G. lived in the City of New York at all relevant times here.

88. V.G. is entitled to receive a FAPE and related services from DOE.

89. Since V.G. is a student with a disability, the DOE must provide him with a FAPE under the IDEA and New York Education Law.

90. DOE must provide V.G. with an IEP every year so long as he remains qualified under the IDEA.

91. Plaintiff CRYSAL CROSLEY is the Parent and Natural Guardian of Z.C.

92. Z.C. is a minor.

93. Z.C. is a thirteen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

94. Plaintiff CRYSAL CROSLEY and Z.C. lived in the City of New York at all relevant times here.

95. Z.C. is entitled to receive a FAPE and related services from DOE.

96. Since Z.C. is a student with a disability, the DOE must provide her with a FAPE under the IDEA and New York Education Law.

97. DOE must provide Z.C. with an IEP every year so long as she remains eligible under the IDEA.

98. Plaintiff MADELINE GRULLON is the Parent and Natural Guardian of C.B.

99. C.B. is a minor.

100. C.B. is a ten-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

101. At all relevant times here, Plaintiff MADELINE GRULLON and C.B. lived in the City of New York.

102. C.B. is entitled to receive a FAPE and related services from DOE.

103. Since C.B. is a student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

104. DOE must provide C.B. with an IEP every year so long as she remains qualified under the IDEA.

105. Plaintiff MARIA HIDALGO is the Parent and Natural Guardian of L.S.

106. L.S. is a minor.

107. L.S. is a sixteen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

108. At all relevant times, Plaintiff MARIA HIDALGO and L.S. lived in the City of New York.

109. L.S. is entitled to receive a FAPE and related services from DOE.

110. Since L.S. is a student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

111. DOE must provide L.S. with an IEP every year so long as she remains qualified under the IDEA.

112. Plaintiff ADEJUMOKE OGUNLEYE is the Parent and Natural Guardian of D.O.

113. D.O. is a minor.

114. D.O. is a ten-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

115. Plaintiff ADJUMOKE OGUNLEYE and D.O. lived in the City of New York at all relevant times.

116. D.O. is entitled to receive a FAPE and related services from DOE.

117. Since D.O. is a student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

118. DOE must provide D.O. with an IEP every year so long as he remains qualified under the IDEA.

119. Plaintiff ROSA ELBA de PAULINO is the Parent and Natural Guardian of R.P.

120. R.P. is a minor.

121. R.P. is a fourteen-year-old student with a disability as defined by 20 U.S.C. § 1401(3).

122. Plaintiff ROSA ELBA de PAULINO and R.P. lived in the City of New York at all relevant times here.

123. R.P. is entitled to receive a FAPE and related services from DOE.

124. Since R.P. is a student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

125. DOE must provide R.P. with an IEP every year so long as she remains qualified under the IDEA.

126. Plaintiffs MARTINE THOMAS and SCOTT THOMAS are the Parents and Natural Guardians of A.T.

127. A.T. is an eighteen-year-old Student with a disability as defined by 20 U.S.C. § 1401(3).

128. MARTINE THOMAS, SCOTT THOMAS, and A.T. lived in the City of New York at all relevant times here.

129. A.T. is entitled to receive a FAPE and related services from DOE.

130. Since A.T. is a Student with a disability, DOE must provide him with a FAPE under the IDEA and New York Education Law.

131. DOE must provide A.T. with an IEP every year so long as he remains qualified under the IDEA.

132. Plaintiff SHANTEL TALLEY is the Parent and Natural Guardian of A.C-T.

133. A.C-T. is a minor.

134. A.C-T. is a twelve-year-old Student with a disability as defined by 20 U.S.C. § 1401(3).

135. At all relevant times here, Plaintiff SHANTEL TALLEY and A.C-T. lived in the City of New York.

136. A.C-T. is entitled to receive a FAPE and related services from DOE.

137. Since A.C-T. is a Student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

138. DOE must provide A.C. with an IEP every year so long as he remains eligible under the IDEA.

139. Plaintiff MARLENE VASQUEZ is the Parent and Natural Guardian of L.C.

140. L.C. is a minor.

141. L.C. is a seven-year-old Student with a disability as defined by 20 U.S.C. § 1401(3).

142. At all relevant times, Plaintiff MARLENE VASQUEZ and L.C. lived in the City of New York.

143. L.C. is entitled to receive a FAPE and related services from DOE.

144. Since L.C. is a Student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

145. The Defendants must provide L.C. with an IEP every year so long as he remains qualified under the IDEA.

146. Plaintiff LINDA LARACH-COHEN is the Parent and Natural Guardian of M.C.

147. M.C. is a twenty-year-old Student with a disability as defined by 20 U.S.C. § 1401(3).

148. At all relevant times, Plaintiff LINDA LARACH-COHEN and M.C. lived in the City of New York.

149. M.C. is entitled to receive a FAPE and related services from DOE.

150. Since M.C. is a Student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

151. DOE must provide M.C. with an IEP every year so long as he remains qualified under the IDEA.

152. Plaintiff MARILYN BECKFORD is the Parent and Natural Guardian of M.B.

153. M.B. is a minor.

154. M.B. is a fifteen-year-old Student with a disability as defined by 20 U.S.C. § 1401(3).

155. At all relevant times, Plaintiff MARILYN BECKFORD and M.B. lived in the City of New York.

156. M.B. is entitled to receive a FAPE and related services from DOE.

157. Since M.B. is a Student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

158. DOE must provide M.B. with an IEP every year so long as he remains qualified under the IDEA.

159. Plaintiff PATRICK DONOHUE is the Parent and Natural Guardian of S.J.D.

160. S.J.D. is a twenty-year-old Student with a disability as defined by 20 U.S.C. § 1401(3).

161. At all relevant times here, Plaintiff PATRICK DONOHUE and S.J.D. lived in the City of New York.

162. S.J.D. is entitled to receive a FAPE and related services from DOE.

163.  Since S.J.D. is a Student with a disability, DOE must provide her with a FAPE under the IDEA and the New York Education Law.

164.  The Defendants must provide S.J.D. with an IEP every year so long as she remains qualified under the IDEA.

## FACTUAL ALLEGATIONS

## OLIVER BRUCKAUF, PARENT AND NATURAL GUARDIAN OF E.B.

165.  On July 2, 2025, Plaintiff Bruckauf brought a DPC against DOE alleging, among other things, that DOE did not provide E.B. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for E.B., and that equities favored a request for direct payment of tuition and related services, including special transportation services and nursing services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[6]

166.  In the same notice, Plaintiff Bruckauf requested DOE fully fund E.B.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established E.B.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Bruckauf's DPC for the 2025-2026 SY.

---

[6] Attached to Plaintiff Bruckauf's DPC for the 2025-2026 school year are several documents that are relevant to E.B.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

167. A true and accurate copy of Plaintiff Bruckauf's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 1**.

168. Attached to and made part of **Exhibit 1** are documents relevant to E.B.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for E.B., which is the "current educational placement" and legal basis for Pendency.

169. The DPC was assigned IHO Case No. 296784.

## JANERIS RODRIGUEZ MEJIA, PARENT AND NATURAL GUARDIAN OF E.R.

170. On July 3, 2025, Plaintiff Mejia brought a DPC against DOE alleging, among other things, that DOE did not provide E.R. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for E.R., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[7]

171. In the same notice, Plaintiff Mejia requested DOE fully fund E.R.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established E.R.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Mejia's DPC for the 2025-2026

---

[7] Attached to Plaintiff Mejia's DPC for the 2025-2026 school year are several documents that are relevant to E.R.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

SY.

172.  A true and accurate copy of Plaintiff Mejia's DPC relative to the 2025-2026 SY is attached

hereto as **Exhibit 2**.

173.  Attached to and made part of **Exhibit 2** are documents relevant to E.R.'s current educational

program/placement when the DPC was filed, including the most recent, final administrative

order for E.R., which is the "current educational placement" and legal basis for Pendency.

174.  The DPC was assigned IHO Case No. 296787.

### MAYTINEE BIRD, AS PARENT AND NATURAL GUARDIAN OF H.C.

175.  On June 30, 2025, Plaintiff Bird brought a DPC against DOE, alleging, among other things,

that DOE did not provide H.C. a FAPE for the 2025-2026 SY, that iBRAIN was an

appropriate unilateral placement for H.C., and that equities favored a request for direct

payment of tuition and related services, including special transportation services and nursing

services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs.

tit. 8, § 200.5(i).[8]

176.  In the same notice, Plaintiff Bird requested DOE fully fund H.C. 's placement at iBRAIN,

in accordance with the respective contracts for tuition, special transportation, and nursing, as

pendency, to maintain the status-quo educational placement, through the "stay-put" provision

under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due

process proceedings commenced, which established H.C.'s Pendency throughout the

---

[8] Attached to Plaintiff Bird's DPC for the 2025-2026 school year are several documents that are relevant to H.C.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

administrative and judicial proceedings relative to Plaintiff Bird's DPC for the 2025-2026 SY.

177.  A true and accurate copy of Plaintiff Bird's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 3**.

178.  Attached to and made part of **Exhibit 3** are documents relevant to H.C.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for H.C., which is the "current educational placement" and legal basis for Pendency.

179.  The DPC was assigned IHO Case No. 295762.

### DONNA CORNETT, AS PARENT AND NATURAL GUARDIAN OF J.B.

180.  On July 7, 2025, Plaintiff Cornett brought a DPC against DOE, alleging, among other things, that DOE did not provide J.B. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for J.B., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[9]

181.  In the same notice, Plaintiff Cornett requested DOE fully fund J.B.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due

_____

[9] Attached to Plaintiff Cornett's DPC for the 2025-2026 school year are several documents that are relevant to J.B.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

process proceedings commenced, which established J.B.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Cornett's DPC for the 2025-2026 SY.

182.  A true and accurate copy of Plaintiff Cornett's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 4**.

183.  Attached to and made part of **Exhibit 4** are documents relevant to J.B.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for J.B., which is the "current educational placement" and legal basis for Pendency.

184.  The DPC was assigned IHO Case No. 297039.

### KAMOLPORN LUMMAYOS, AS PARENT AND NATURAL GUARDIAN OF R.L.

185.  On July 1, 2025, Plaintiff Lummayos brought a DPC against DOE, alleging, among other things, that DOE did not provide R.L. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for R.L., and that equities favored a request for direct payment of tuition and related services, including special transportation services and nursing services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[10]

186.  In the same notice, Plaintiff Lummayos requested DOE fully fund R.L.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-

---

[10] Attached to Plaintiff Lummayos's DPC for the 2025-2026 school year are several documents that are relevant to R.L.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established R.L.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Lummayos's DPC for the 2025-2026 SY.

187.  A true and accurate copy of Plaintiff Lummayos's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 5**.

188.  Attached to and made part of **Exhibit 5** are documents relevant to R.L.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for R.L., which is the "current educational placement" and legal basis for Pendency.

189.  The DPC was assigned IHO Case No. 296333.

## CLAUDIA RIVAS, AS PARENT AND NATURAL GUARDIAN OF S.C.

190.  On July 1, 2025, Plaintiff Rivas brought a DPC against DOE, alleging, among other things, that DOE did not provide S.C. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for S.C., and that equities favored a request for direct payment of tuition and related services, including special transportation services and nursing services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[11]

191.  In the same notice, Plaintiff Rivas requested DOE fully fund S.C.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as

---

[11] Attached to Plaintiff Rivas's DPC for the 2025-2026 school year are several documents that are relevant to S.C.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established S.C.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Rivas's DPC for the 2025-2026 SY.

192.  A true and accurate copy of Plaintiff Rivas's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 6**.

193.  Attached to and made part of **Exhibit 6** are documents relevant to S.C.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for S.C., which is the "current educational placement" and legal basis for Pendency.

194.  The DPC was assigned IHO Case No. 295880.

### SANDRA LEE, AS PARENT AND NATURAL GUARDIAN OF V.G.

195.  On July 3, 2025, Plaintiff Lee brought a DPC against DOE, alleging, among other things, that DOE did not provide V.G. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for V.G., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[12]

---

[12] Attached to Plaintiff Lee's DPC for the 2025-2026 school year are several documents that are relevant to V.G.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

196. In the same notice, Plaintiff Lee requested DOE fully fund V.G.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established V.G.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Lee's DPC for the 2025-2026 SY.

197. A true and accurate copy of Plaintiff Lee's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 7**.

198. Attached to and made part of **Exhibit 7** are documents relevant to V.G.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for V.G., which is the "current educational placement" and legal basis for Pendency.

199. The DPC was assigned IHO Case No. 296857.

## CRYSAL CROSLEY, AS PARENT AND NATURAL GUARDIAN OF Z.C.

200. On July 7, 2025, Plaintiff Crosley brought a DPC against DOE, alleging, among other things, that DOE did not provide Z.C. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for Z.C., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[13]

---

[13] Attached to Plaintiff Crosley's DPC for the 2025-2026 school year are several documents that are relevant to Z.C.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

201. In the same notice, Plaintiff Crosley requested DOE fully fund Z.C.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established Z.C.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Crosley's DPC for the 2025-2026 SY.

202. A true and accurate copy of Plaintiff Crosley's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 8**.

203. Attached to and made part of **Exhibit 8** are documents relevant to Z.C.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for Z.C., which is the "current educational placement" and legal basis for Pendency.

204. The DPC was assigned an IHO Case No. 297177.

### MADELINE GRULLON, PARENT AND NATURAL GUARDIAN OF C.B.

205. On July 6, 2025, Plaintiff Grullon brought a DPC against DOE, alleging, among other things, that DOE did not provide C.B. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for C.B., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[14]

---

[14] Attached to Plaintiff Grullon's DPC for the 2025-2026 school year are several documents that are relevant to C.B.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual

206. In the same notice, Plaintiff Grullon requested DOE fully fund C.B.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established C.B.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Grullon's DPC for the 2025-2026 SY.

207. A true and accurate copy of Plaintiff Grullon's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 9**.

208. Attached to and made part of **Exhibit 9** are documents relevant to C.B.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for C.B., which is the "current educational placement" and legal basis for Pendency.

209. The DPC was assigned IHO Case No. 296999.

## MARIA HIDALGO, PARENT AND NATURAL GUARDIAN OF L.S.

210. On June 30, 2025, Plaintiff Hidalgo brought a DPC against DOE, alleging, among other things, that DOE did not provide L.S. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for L.S., and that equities favored a request for direct payment of tuition and related services, including special transportation services and nursing services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[15]

---

Service Agreement.

[15] Attached to Plaintiff Hidalgo's DPC for the 2025-2026 school year are several documents that are relevant to L.S.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the

211. In the same notice, Plaintiff Hidalgo requested DOE fully fund L.S.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established L.S.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Hidalgo's DPC for the 2025-2026 SY.

212. A true and accurate copy of Plaintiff Hidalgo's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 10**.

213. Attached to and made part of **Exhibit 10** are documents relevant to L.S.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for L.S., which is the "current educational placement" and legal basis for Pendency.

214. The DPC was assigned IHO Case No. 295779.

## ADEJUMOKE OGUNLEYE, PARENT AND NATURAL GUARDIAN OF D.O

215. On July 3, 2025, Plaintiff Ogunleye brought a DPC against DOE, alleging, among other things, that DOE did not provide D.O. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for D.O., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[16]

---

iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

[16] Attached to Plaintiff Ogunleye's DPC for the 2025-2026 school year are several documents that are relevant to D.O.'s current educational program/placement. Each document is marked as an

216. In the same notice, Plaintiff Ogunleye requested DOE fully fund D.O.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established D.O.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Ogunleye's DPC for the 2025-2026 SY.

217. A true and accurate copy of Plaintiff Ogunleye's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 11**.

218. Attached to and made part of **Exhibit 11** are documents relevant to D.O.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for D.O., which is the "current educational placement" and legal basis for Pendency.

219. The DPC was assigned an IHO Case No. 296850.

### ROSA ELBA de PAULINO, PARENT AND NATURAL GUARDIAN OF R.P.

220. On June 27, 2025, Plaintiff de Paulino brought a DPC against DOE, alleging, among other things, that DOE did not provide R.P. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for R.P., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the

---

exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[17]

221. In the same notice, Plaintiff de Paulino requested DOE fully fund R.P.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established R.P.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff de Paulino's DPC for the 2025-2026 SY.

222. A true and accurate copy of Plaintiff de Paulino's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 12**.

223. Attached to and made part of **Exhibit 12** are documents relevant to R.P.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for R.P., which is the "current educational placement" and legal basis for Pendency.

224. The DPC was assigned IHO Case No. 295721.

## MARTINE AND SCOTT THOMAS, PARENTS AND NATURAL GUARDIANS OF A.T.

225. On June 27, 2025, Plaintiffs Martine Thomas and Scott Thomas (the "Thomas Plaintiffs") brought a DPC against DOE, alleging, among other things, that DOE did not provide A.T. a

---

[17] Attached to Plaintiff de Paulino's DPC for the 2025-2026 school year are several documents that are relevant to R.P.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for A.T., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[18]

226. In the same notice, the Thomas Plaintiffs requested DOE fully fund A.T.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established A.T.'s Pendency throughout the administrative and judicial proceedings relative to the Thomas Plaintiffs' DPC for the 2025-2026 SY.

227. A true and accurate copy of the Thomas Plaintiffs' DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 13**.

228. Attached to and made part of **Exhibit 13** are documents relevant to A.T.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for A.T., which is the "current educational placement" and legal basis for Pendency.

229. The DPC was assigned IHO Case No. 295725.

## SHANTEL TALLEY, PARENT AND NATURAL GUARDIAN OF A.C-T.

---

[18] Attached to the Thomas Plaintiffs' DPC for the 2025-2026 school year are several documents that are relevant to A.T.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

230. On July 3, 2025, Plaintiff Talley brought a DPC against DOE, alleging, among other things, that DOE did not provide A.C-T. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for A.C-T., and that equities favored a request for direct payment of tuition and related services, including special transportation services and nursing services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[19]

231. In the same notice, Plaintiff Talley requested DOE fully fund A.C-T.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established A.C-T.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Talley's DPC for the 2025-2026 SY.

232. A true and accurate copy of Plaintiff Talley's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 14**.

233. Attached to and made part of **Exhibit 14** are documents relevant to Student-Plaintiff's current educational program/placement when the DPC was filed, including the most recent, final administrative order for A.C-T., which is the "current educational placement" and legal basis for Pendency.

---

[19] Attached to Plaintiff Talley's DPC for the 2025-2026 school year are several documents that are relevant to A.C-T.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

234. The DPC was assigned an IHO Case No. 296926.

### MARLENE VASQUEZ, PARENT AND NATURAL GUARDIAN OF L.C.

235. On July 2, 2025, Plaintiff Vasquez brought a DPC against DOE, alleging, among other things, that DOE did not provide L.C. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for L.C., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[20]

236. In the same notice, Plaintiff Vasquez requested DOE fully fund L.C.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established L.C.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Vasquez's DPC for the 2025-2026 SY.

237. A true and accurate copy of Plaintiff Vasquez's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 15**.

238. Attached to and made part of **Exhibit 15** are documents relevant to L.C.'s current educational program/placement when the DPC was filed, including the most recent, final

---

[20] Attached to Plaintiff Vasquez's DPC for the 2025-2026 school year are several documents that are relevant to L.C.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

administrative order for L.C., which is the "current educational placement" and legal basis for Pendency.

239.  The DPC was assigned IHO Case No. 296729.

## LINDA LARACH-COHEN, PARENT AND NATURAL GUARDIAN OF M.C.

240.  On June 30, 2025, Plaintiff Larach-Cohen brought a DPC against DOE, alleging, among other things, that DOE did not provide M.C. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for M.C., and that equities favored a request for direct payment of tuition and related services, including special transportation services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[21]

241.  In the same notice, Plaintiff Larach-Cohen requested DOE fully fund M.C.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established M.C.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Larach-Cohen's DPC for the 2025-2026 SY.

242.  A true and accurate copy of Plaintiff Larach-Cohen's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 16**.

---

[21] Attached to Plaintiff Larach-Cohen's DPC for the 2025-2026 school year are several documents that are relevant to M.C.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; and **Exhibit F** is the Sisters School Transportation Annual Service Agreement.

243. Attached to and made part of **Exhibit 16** are documents relevant to M.C.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for M.C., which is the "current educational placement" and legal basis for Pendency.

244. The DPC was assigned IHO Case No. 295795.

## MARILYN BECKFORD, PARENT AND NATURAL GUARDIAN OF M.B.

245. On July 3, 2025, Plaintiff Beckford brought a DPC against DOE, alleging, among other things, that DOE did not provide M.B. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for M.B., and that equities favored a request for direct payment of tuition and related services, including special transportation services and nursing services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[22]

246. In the same notice, Plaintiff Beckford requested DOE fully fund M.B.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established M.B.'s Pendency throughout the administrative and judicial proceedings relative to Plaintiff Beckford's DPC for the 2025-2026 SY.

---

[22] Attached to Plaintiff Beckford's DPC for the 2025-2026 school year are several documents that are relevant to M.B.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

247. A true and accurate copy of Plaintiff Beckford's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 17**.

248. Attached to and made part of **Exhibit 17** are documents relevant to M.B.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for M.B., which is the "current educational placement" and legal basis for Pendency.

249. The DPC was assigned IHO Case No. 296879.

## PATRICK DONOHUE, PARENT AND NATURAL GUARDIAN OF S.J.D.

250. On June 27, 2025, Plaintiff Donohue brought a DPC against DOE, alleging, among other things, that DOE did not provide S.J.D. a FAPE for the 2025-2026 SY, that iBRAIN was an appropriate unilateral placement for S.J.D., and that equities favored a request for direct payment of tuition and related services, including special transportation services and nursing services, of the unilateral placement. U.S.C. § 1415(i) *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i).[23]

251. In the same notice, Plaintiff Donohue requested DOE fully fund S.J.D.'s placement at iBRAIN, in accordance with the respective contracts for tuition, special transportation, and nursing, as pendency, to maintain the status-quo educational placement, through the "stay-put" provision under 20 U.S.C. § 1415(j), since iBRAIN is the Pendency placement at the time the due process proceedings commenced, which established S.J.D.'s Pendency

---

[23] Attached to Plaintiff Donohue's DPC for the 2025-2026 school year are several documents that are relevant to S.J.D.'s current educational program/placement. Each document is marked as an exhibit to the DPC when filed. Attached to the DPC as **Exhibit A** is the Ten-Day Notice; **Exhibit B** is the Pendency Implementation Form; **Exhibit C** is the legal basis for Pendency, i.e., most recent final administrative order; **Exhibit D** is a proposed Order of Pendency; **Exhibit E** is the iBRAIN Annual Enrollment Contract; **Exhibit F** is the Sisters School Transportation Annual Service Agreement; and **Exhibit G** is the Nursing Service Annual Agreement.

throughout the administrative and judicial proceedings relative to Plaintiff Donohue's DPC for the 2025-2026 SY.

252. A true and accurate copy of Plaintiff Donohue's DPC relative to the 2025-2026 SY is attached hereto as **Exhibit 18**.

253. Attached to and made part of **Exhibit 18** are documents relevant to S.J.D.'s current educational program/placement when the DPC was filed, including the most recent, final administrative order for S.J.D., which is the "current educational placement" and legal basis for Pendency.

254. The DPC was assigned IHO Case No. 295723.

## DOE'S ONGOING SYSTEMIC VIOLATIONS INCLUDE FAILURE TO IDENTIFY AND IMPLEMENT PENDENCY PLACEMENTS

255. DOE has no policies or procedures in place to ensure timely implementation of stay-put rights upon the filing of a DPC.

256. DOE engages in spurious and dilatory tactics when it comes to its obligation to fund pendency programs and placements, often assuring parents and counsel that it is "processing payments" and will disburse them in their "due course."

257. DOE refuses to explain what its "due course" is when it comes to processing pendency payments.

258. DOE wears its systemic failures like a badge of honor.

259. DOE does not resolve or settle DPCs, contributing to its backlog and notoriously slow calendars.

260. Historically, DOE has approached none of the Plaintiffs here, as required by the IDEA, to discuss resolving or settling each Plaintiff's claims.

261. Each Plaintiff reserves the right to move for reasonable attorneys' fees as the prevailing party in the underlying administrative proceedings, as well as here, as this litigation is necessary because of Defendants' continued refusal to follow the mandates of the IDEA.

## JOINDER AND SEVERANCE

262. Each Plaintiff's claim arises from the same transaction, occurrence, series of transactions, and occurrences, and they have common questions of law and fact.

263. Plaintiffs are properly joined under Fed. R. Civ. P. 20(a)(1).

264. Joining all Plaintiffs here creates a manageable group of Plaintiffs.

265. Joining all Plaintiffs here reduces unnecessary litigation and delays, and avoids overburdening a single Judge and their resources.

266. If more than one action before this Court involves a common question of law or fact, this Court may consolidate the actions. Fed. R. Civ. P. 42(a)(2).

267. A district court should consider equity and judicial economy when assessing whether consolidation or joinder is appropriate in given circumstances.[24]

## AS AND FOR THE FIRST CAUSE OF ACTION

268. Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

269. An action that alleges a violation of the pendency provision falls under at least one exception to the IDEA's requirement for the exhaustion of administrative remedies before filing suit in federal court.

---

[24] *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

270. Pendency provides stability and consistency in the education of students with a disability and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

271. A student's last agreed-upon placement—a final, unappealed administrative order—establishes a student's current educational placement for pendency.

272. Defendants have violated each Plaintiff's right to a FAPE under the IDEA.

273. Defendants have violated Plaintiffs' rights to their stay-put placements.

274. Defendants have violated the IDEA by implementing broad and indiscriminate policies, practices, and procedures, as well as policies, practices, and procedures contrary to the IDEA.

275. Defendants have violated Plaintiffs' procedural and due-process rights under the IDEA.

276. Defendants violated Plaintiffs' rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that the long-standing provisions of the IDEA and New York State special education laws are being implemented.

277. Defendants have violated the rights of Plaintiffs under N.Y. Educ. Law §§ 3202, 3203, 4401, 4404, and 4410, and § 200 (McKinney) of the Regulations of the New York State Commissioner of Education, 8 N.Y. COMP. CODES R. REGS.

278. As a direct and proximate result of Defendants' violations as alleged herein, Plaintiffs have suffered damages.

279. Each Student here currently attends iBRAIN and has a final administrative order establishing iBRAIN, along with special transportation and nursing services, where applicable, as their Pendency placement for the 2025-2026 SY.

280. Plaintiffs are entitled to a declaration that iBRAIN, along with special transportation and nursing services, where applicable, is each Student's Pendency placement for the 2025-2026

SY, and that DOE is required to fund that Pendency placement during the pendency of each Student's relevant due process proceedings.

## AS AND FOR THE SECOND CAUSE OF ACTION

281. Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

282. As the LEA, Defendants are legally responsible for ensuring compliance with the IDEA within New York City.

283. Defendants have violated, and are violating, the rights of Plaintiffs and their disabled Students by failing to implement Plaintiffs' uncontested Pendency placement/programs, as required by the IDEA.

284. Defendants failed to properly and timely fund the Pendency placements/programs for the 2025-2026 SY in accordance with each Plaintiff's respective agreements for tuition, special transportation, and nursing service, where applicable.

285. Defendants have failed to establish effective policies and procedures for identifying, implementing, and funding special education students' Pendency placements/programs, and then failed to abide by any policies and procedures.

286. Defendants have violated Plaintiffs' rights under 20 U.S.C. § 1415 and 34 C.F.R. § 300.515(a) and deprived Plaintiffs of a free appropriate public education under 20 U.S.C. § 1400 *et seq.* and New York State's Education Law.

287. Plaintiffs' rights under the IDEA are enforceable under 42 U.S.C. § 1983 as Defendants have acted under color of state law, as well as under 20 U.S.C. § 1415.

288. Defendants have acted with deliberate indifference in engaging in the policies, practices, and customs that have led to these violations, despite clear notice that their policies, practices,

and customs have caused the violations, and without correcting the policies, practices, and customs. These policies, practices, and customs constitute Defendants' de facto unlawful, illegal, and improper policy.

289.  As a direct and proximate result of Defendants' violations as alleged herein, Plaintiffs have suffered damages.

290.  Plaintiffs are entitled to an injunction directing Defendants to fully fund each Student's Pendency placement at iBRAIN, along with special transportation and nursing services, where applicable, directly to the respective providers and pursuant to the relevant agreements between each Plaintiff and said providers, including any accrued Late Fees, during the pendency of each Student's relevant due process proceedings.

## AS AND FOR THE THIRD CAUSE OF ACTION

291.  Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

292.  Defendants are legally responsible for ensuring compliance with the New York Education Law, as well as the IDEA, within New York City.

293.  Defendants have violated, and are violating, the rights of Plaintiffs and their disabled Students by failing to implement Plaintiffs' Pendency placements/programs, automatically and as required under the IDEA and New York Education Law, and to properly fund the same for the 2025-2026 school year.

294.  Defendants have failed to fund Plaintiffs' Pendency placements/programs in a timely and comprehensive manner in accordance with each Plaintiff's respective agreements for tuition, special transportation, and nursing services, where applicable. Continued delays in funding

pendency may incur Late Fees associated with the withholding of pendency funding for tuition, special transportation, and nursing services, where applicable.

295. Defendants have failed to establish effective policies for identifying, implementing, and funding special education students' Pendency placements/programs and have consistently failed to follow their own policies and procedures.

296. Defendants have violated Plaintiffs' rights under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5) and have deprived Plaintiffs of a FAPE under the New York Education Law and the IDEA.

297. Plaintiffs' rights under the New York Education Law are enforceable under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k)(3), and the IDEA, as well as under this Court's equitable powers.

298. As a direct and proximate result of Defendants' violations as alleged herein, Plaintiffs have suffered damages.

299. As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, the nominal relief requested herein, other equitable relief, and costs and attorneys' fees.

## AND AS FOR THE FOURTH CAUSE OF ACTION

300. Plaintiffs repeat, reallege, and reaffirm each allegation set forth above as if set forth more fully herein.

301. The Fourteenth Amendment prohibits the deprivation of Plaintiffs' Students' right to an education, which is implicit in the concept of ordered liberty, and mandated by the New York State Constitution.

302. Defendants' failure to ensure the Students' uncontested Pendency placements/programs for the 2025-2026 school year have been implemented and funded has denied Students their

rights to a FAPE. In so doing, Defendants have violated the Due Process Clause of the Fourteenth Amendment.

303.  Defendants have been on notice of systemic unlawful delays and failures in implementing Pendency placements/programs and have acted with deliberate indifference and gross misjudgment.

304.  Defendants' failure to implement Plaintiffs' Pendency programs has caused discrimination against the Students by denying them access to a FAPE.

305.  Defendants have acted under color of law, and their actions, policies, and procedures lack sufficient objective standards to remedy their violations, allowing for ad hoc, arbitrary, and discriminatory implementation of Plaintiffs' Pendency placements.

306.  As a direct and proximate result of Defendants' violations as alleged herein, Plaintiffs have suffered damages.

307.  As a result of these violations, Plaintiffs are entitled to injunctive and declaratory relief, other equitable relief, and costs and attorneys' fees.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.  Enter a Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, declaring that each Student's Pendency program/placement is at iBRAIN throughout the administrative and judicial proceedings relative to their DPCs for the 2025-2026 SY. This declaration should include that each Student is entitled to full funding of tuition at iBRAIN, along with all related services, including but not limited to special transportation and nursing services, where applicable, with the respective private service provider, in accordance with the agreements between Plaintiffs and the providers, where appropriate, during the 2025-2026 SY.

2.  Issue an Injunction ordering Defendants to:

    a. Comply with the IDEA's Pendency Provision under 20 U.S.C. § 1415(j), and eliminate any requirement that compels Parents to wait months in violation of

the IDEA to obtain an "interim order" from an Impartial Hearing Officer ("IHO") or accept a pendency form/agreement from DOE. This injunction should ensure that each Student's "last agreed-upon" placement is maintained without delay, as a matter of law, in accordance with their respective 2025-2026 SY agreements for tuition, special transportation, and nursing services, where applicable.

b. Implement Pendency Funding for each Student's educational program in the ordinary course of business, without undue delay, so as to prevent disruption in the provision of services to the Students in accordance with the respective agreements for tuition, special transportation, and nursing services, where applicable. Plaintiffs further request that this Court order Defendants to ensure pendency funding begins no later than 35 days from the date of this Court's order, consistent with the Order in *LV v. New York City Dep't of Educ.*, No. 03-CV-9917 (LAP), 2021 WL 663718 (S.D.N.Y. February 18, 2021),[25] with regular updates to ensure continued compliance. Plaintiffs further request that this Court order Defendants to make payments in accordance with the respective agreements for tuition, special transportation, and nursing services, where applicable, including any incurred Late Fees associated with delayed payments.

c. Comply with Final Orders and Pendency Orders by immediately implementing and adhering to all final, unappealed administrative orders, including the funding of the Students' tuition, related services, transportation, and any other provisions mandated by these orders. Plaintiffs request that this Court hold Defendants accountable for their systemic failure to enforce these orders and to ensure that no further delays or violations occur.

d. Pay Costs and Attorneys' Fees associated with maintaining this action, including reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B), 42 U.S.C. § 1988(b), and 34 C.F.R. § 300.517(a)(1)(i).

3.   Grant such other, further, and different relief as this Court may deem just, proper, and equitable, including compensatory education, damages where appropriate under the

---

[25] In *LV v. NYC DOE*, No. 03-CV-09917 (LAP), this Court held: "In December 2007, AFC and Milbank, on behalf of Lead Plaintiffs and the Class, entered into a settlement agreement with the DOE that provides injunctive and compensatory relief to class members. The Settlement was approved by the Honorable Richard J. Holwell at the Settlement Fairness Hearing held on April 10, 2008. Under the settlement, the DOE is required to implement all impartial hearing orders within the time frame stated in the order or 35 calendar days of the date of the order if no time is specified. Orders that require immediate action must be implemented within 7 business days." *See* https://advocatesforchildren.org/case/l-v-v-nyc-department-of-education/ Furthermore, Judge Loretta A. Preska issued an order in the *LV* class action: "DOE's only lawful course of action is to implement those Orders, full stop." No. 03-CV-09917-(LAP), ECF #258 (February 18, 2021).

42 U.S.C. § 1983 claims, and other equitable remedies to ensure the continuation of FAPE for the Students during the pendency of these proceedings.

Dated:  July 9, 2025
        New York, New York

Respectfully submitted,
Liberty & Freedom Legal Group, Ltd
*Attorneys for Plaintiff*


By:   */s/ Nicholas A. Marricco*
      Nicholas A. Marricco, Esq.
      105 East 34th Street, Suite 190
      New York, New York 10016
      (646) 850-5035
      nick@pabilaw.org