

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**KIMBERLY L. ROC**
(212) 356-2555
kroc@law.nyc.gov

July 30, 2025

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:    *Bruckauf et al. v. Melissa Aviles- Ramos et al.*
       25-cv-05679 (KPF)

Dear Judge Failla:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants Melissa Aviles-Ramos in her official capacity as Chancellor of the New York City Department of Education and New York City Department of Education ("DOE") in the above-referenced matter (hereinafter "Defendants"). Defendants write, pursuant to section 4(a) of Your Honor's Individual Practices in Civil Cases, as Defendants intend to file a motion to dismiss pursuant to 12(b)(1) and 12(b)(6) primarily for the reasons listed below.[1] This motion is not being made on consent.

**A.    Background**

Plaintiffs' Complaint, dated July 9, 2025, seeks pendency orders on behalf of eighteen (18) Student-Plaintiffs declaring that iBrain is each student's pendency placement for the 2025-2026 school years, in addition to finding Defendants financially obligated for payment of their respective tuition, special transportation, and nursing services in accordance with their services agreements. *See* Dkt. No. 1.

Plaintiffs allege violations of: (1) their procedural and due-process rights under the IDEA, their Fourteenth Amendment right to due process pursuant to Section 1983 of Title 42 of the United States Code ("Section 1983"); (2) N.Y. Educ. Law §§ 3202, 3203, 4401, 4404, and 4410, and § 200 (McKinney) of the Regulations of the New York State Commissioner of Education; (3) 34 C.F.R. § 300.515(a); (4) the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*; (5) N.Y. Comp. Codes R.

---

[1] In order to comply with the Court's three-page limit and for purposes of brevity, Defendants have summarized their arguments and did not include all arguments they anticipate making during motion practice.

& Regs. tit. 8, § 200.5(j)(5) and § 200.5(k)(3). *Id* at ¶¶ at 268-307. The Complaint also raises purported systemic claims. *Id.*

### B.    Plaintiffs' Claims are Unripe and Premature

"Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts." *Nutritional Health All. v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998). For a cause of action to be ripe, and therefore justiciable, "it must present a real, substantial controversy, not a mere hypothetical question . . . . A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks and citations omitted). "The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (internal quotation marks and citation omitted). Thus, a Plaintiff's claim for full funding is unripe where "their entitlement to tuition for the remainder of the school year depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Mendez v. Banks,* 65 F. 4th 56 (2d Cir. 2023). The Second Circuit has clearly found that it cannot assume or ascertain that DOE's alleged legal obligations will continue through the remainder of a school year. *Id.*

Pursuant to Section 1415(j) of the IDEA, under its "stay put" or "pendency" provision, "while the administrative and judicial proceedings are pending and unless the school district and the parents agree otherwise, a child must remain, at public expense, in his or her then-current educational placement." *See Lee v. Banks,* No. 23-cv-05800 (JLR), 2024 U.S. Dist. LEXIS 72110, (S.D.N.Y. Apr 17, 2024). However, "the IDEA's stay-put provision does not create an entitlement to immediate payment or reimbursement, but parents or guardians may still be able to obtain such relief if they establish that a delay or failure to pay has jeopardized their child's educational placement. *Id.* "If each pendency order entitled parents or guardians to immediate payment, school districts would be unable to implement basic budgetary oversight measures, such as requiring receipts before reimbursement. And "[n]othing in the statutory text or the legislative history of the IDEA . . . implies a legislative intent to permit [parents or guardians] to utilize the stay-put provision's automatic injunctive procedure to frustrate the fiscal policies of participating states." *Ventura de Paulino* [v. N.Y.C. Dep't of Educ.], 959 F.3d [519,] 535 [(2d Cir. 2020)] (citation omitted).

Plaintiffs' claims in this matter should be dismissed as unripe and premature. Here, Plaintiffs filed administrative Due Process Complaints ("DPCs") only two (2) weeks before filing the instant action wherein they allege a violation of Section 1415(j) and request a judgment "declaring that each Student's Pendency program/placement is at iBrain throughout the administrative and judicial proceedings relative to their DPCs for the 2025-2026 school year.". *See* Dkt. No. 1 at pp 18-37, 43. This directly disregards this Court's previous orders on this issue finding that "the claims…for contested payment are unripe because the scope and manner of transportation or nursing services are still being contested in the administrative proceedings." *Ramos et al v. Banks et al* [2](LGS) 24-cv-05109 (Dkt. No. 103). It is clear here that Plaintiffs attempt to not only circumvent jurisdictional obstacles as to ripeness, but also the DOE's ordinary payment procedures, at the inception of the underlying administrative procedures. Plaintiffs' claims are unripe because Plaintiffs' alleged entitlement to funding currently depends on future contingent events: namely, the administrative proceedings for the recently filed DPCs for the 2025-2026

---

[2] *See also Bruckauf et al v. Banks et al.* (LGS) 24-cv-05136 (Dkt. No. 91)

school year. *Mendez,* 65 F.4th at 60. Moreover, while "parents or guardians may still be able to obtain such relief if they establish that a delay or failure to pay has jeopardized their child's education placement," such a showing is absent from the complaint as Plaintiffs fail to plead specific facts indicating that the Students' education placement at iBrain is in jeopardy. *Mendez,* 65 F.4th at 63; *see also Lee v. Banks,* No. 23-cv-05800 (JLR), 2024 U.S. Dist. LEXIS 72110, (S.D.N.Y. Apr 17, 2024). Indeed, each of the Student-Plaintiffs are currently attending iBrain and receiving the services they allege they are entitled to pursuant to pendency. *See* Dkt. No. 1 at para 279. Additionally, the instant action is nearly identical to a separate action on behalf of several of the same Student-Plaintiffs named here, where the Court granted Defendants' motion to dismiss because Plaintiffs' claims were unripe,[3] Accordingly, Plaintiffs' Complaint must be dismissed as unripe and premature.

### C.    Plaintiffs Motion Seeking a Preliminary Injunction is Frivolous

The same requests for relief in Plaintiffs' complaint is contained in Plaintiffs' Proposed Order to Show Cause dated July 15, 2025. *See* Dkt. No. 8. Plaintiffs restate their request for an enforceable order and further claim that they are entitled to emergency injunctive relief by way of direct and full funding by Defendants. *Id*. Defendants note here that pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, Defendants demanded that Plaintiffs' counsel withdraw their Motion for a Preliminary Injunction with prejudice prior to the expiration of the twenty-one-day safe harbor period.[4] Defendants advised Plaintiffs' counsel that their pattern of seeking emergency relief by way of Motions for Preliminary Injunction is part of a willful and consistent pattern of frivolous motion practice undertaken by Liberty and Freedom Legal Group where no emergency or threat of irreparable harm exists.[5] As with previous Motions for Preliminary Injunction, here, Plaintiffs fail to provide any evidence of irreparable harm. Thus, if Plaintiffs do not withdraw their motion with prejudice, Defendants intend to move for sanctions pursuant to Rule 11, as well as appropriate relief from the Court, including attorneys' fees and costs incurred in defending against these meritless claims.

### D.    Conclusion

Accordingly, for the reasons stated herein, Defendants intend to move to dismiss the Complaint, and separately move for sanctions should Plaintiffs refuse to withdraw their Motion for a Preliminary Injunction.

Thank you for Your Honor's consideration.

---

[3] *See Grullon et al v. Banks et al.* (JGLC) 23-cv-05797 (Dkt. No. 30) ("The 'automatic injunction' triggered by the stay-put provision does not ripen Plaintiffs' claims for judicial review…Plaintiffs misstate the nature and function of the so-called automatic injunction under Section 1415 (j).")

[4] The 21-day Safe Harbor period will expire on August 15, 2025.

[5] *See Otero et al v. Aviles-Ramos et al.* (PAE) 25-cv-02773 (PI denied at Dkt. No. 16), *Archibald et al v. Banks et al.* (KPF) 24-CV-07550 (PI denied); *Chaperon et al v. Banks et al.* (JAV) 24-CV-05135 (matter where three (3) applications for emergency relief were filed; the first PI withdrawn (Dkt. No. 10), the second PI withdrawn (Dkt. No. 60), the third PI denied (Dkt. No. 89); *Mondano et al. v. Banks et al.* (DEH) 24-CV-08241 (PI denied at Dkt. No. 59); *Moonsammy et al v. Banks et al.* (PAE) 24-CV-05151 (PI denied at Dkt. No. 31); *Peralto et al v. Aviles-Ramos et al.* (VSB) 25-CV-01118 (PI denied at Dkt. No. 34).

Sincerely,

_____/s/ KLR_____

Kimberly L. Roc
Assistant Corporation Counsel

cc.    **By ECF**
       Plaintiffs' Counsel

The Court has reviewed Defendants' letter seeking a pre-motion
conference regarding their anticipated motion to dismiss and for
sanctions should Plaintiffs not withdraw their motion for a
preliminary injunction.  (Dkt. #11).  The Court has also reviewed
Plaintiff's motion for a preliminary injunction.  (Dkt. #8).
According to Rule 4(A) of this Court's Individual Rules of Practice
in Civil Cases, a party opposing a pre-motion letter is required to
submit a letter setting forth its position within three business
days.  Plaintiffs have not done so.  As such, the Court hereby ORDERS
the parties to meet and confer in advance of a telephonic conference,
during which the Court will discuss with the parties the issues
raised in Defendants' letter motion and Plaintiffs' preliminary
injunction motion, to take place on **August 14, 2025,** at **11:00 a.m.**
At the scheduled time, the parties shall dial (855) 244-8681 and
enter access code 2315 780 7370.

The Clerk of Court is directed to terminate the pending motion at
docket entry 11.

Dated:    August 7, 2025          SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE