

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**KIMBERLY L. ROC**
(212) 356-2555
kroc@law.nyc.gov

April 2, 2026

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    *Bruckauf et al. v. Melissa Aviles-Ramos et al.*
                 25-cv-05679 (KPF)

Dear Judge Failla:

      I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, the attorney assigned to represent Defendants in the above-referenced matter. In accordance with your Honor's individual practice rule 2(C), Defendants respectfully submit this letter in opposition to Plaintiffs' March 25, 2026 letter motion seeking 1) an expedited contempt motion, and 2) accelerated merits discovery and briefing regarding Plaintiffs alleged 42 U.S.C. § 1983 and *Monell* claims[1]. ECF No. 59. Plaintiffs' requests should be denied because they have failed to establish any basis for contempt, as they do not identify a violation of a clear and unambiguous court order. They likewise fail to adequately plead their claims under 42 U.S.C. § 1983 or *Monell*. Accordingly, discovery, let alone expedited discovery, is unwarranted. Therefore, for the reasons set forth below, Plaintiffs' application should be denied in its entirety.

**Background**

      As the Court is aware, Plaintiffs have repeatedly, and unsuccessfully, sought expedited relief in this matter. Less than a week after filing the Complaint, Plaintiffs moved for a preliminary injunction, which the Court denied for failure to demonstrate irreparable harm. ECF No. 8; *see also* Dkt Text Order dated August 14, 2025. Plaintiffs made their second request on October 10, 2025, seeking a preliminary injunction and temporary restraining order; that motion was also

---

[1] Nearly identical letter motions for contempt were also made in the following cases over the course of the last 7-10 days: *Zayas et al. v. New York City Department of Education et al.*, 25-cv-7561-AT; *Mendez v. New York City Department of Education et al.*, 25-cv-05746-CM-SLC; and *Davis et al v. Aviles Ramos et al.*, 25-cv-7555- KPF

denied. ECF Nos. 28-31; *see also* Dkt Text Order dated October 10, 2025. On February 20, 2026, Plaintiffs filed their *third* motion for a Preliminary Injunction, which after full briefing and a conference, was denied in its entirety. ECF No. 47; *see also* Dkt Txt Order dated March 5, 2025. Most recently, just three days after filing the instant letter motion, Plaintiffs sought emergency relief and an indicative ruling, which the Court denied *sua sponte*. ECF Nos. 60 and 61. Plaintiffs pattern of exhausting this Court's resources to obtain expedited relief is clear in the record. Despite Plaintiffs' contentions that they are not attempting to revisit the preliminary injunction framework, the instant motion is exactly another such effort. This is evidenced by Plaintiffs' reliance on the same authorities[2] previously cited to in their motions for a preliminary injunction seeking prospective payment, which *Mendez* does not permit. *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023). It is evident that the instant motion is yet another improper attempt to obtain expedited relief which Plaintiffs are not entitled to, repackaged as a baseless and unsupported motion for contempt, and coupled with a request for expedited briefing and discovery on inadequately pleaded and nonviable claims.

**Defendants Are Not In Contempt Of Any Court Order**
A party may be held in contempt if the moving party satisfies a three-part standard: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *see also Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 291 (2d Cir. 2008). "A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed…" *King*, 65 F.3d at 1058. Plaintiffs have utterly failed to meet their burden in proving any of the above elements.

Plaintiffs' letter motion relies on the meritless assertion that an alleged delay in pendency payments constitutes a violation of a clear and unambiguous court order. Plaintiffs assert such arguments in a letter motion that fails to acknowledge or attempt to meet the legal standard for contempt, and that likewise fails to cite any authority to support their contention. Instead, Plaintiffs rely primarily on nonbinding out-of-District and out-of-Circuit caselaw. Plaintiffs' reliance on those out-of-Circuit decisions, such as *Casey K. v. St. Anne Cmty. High Sch. Dist. No. 302*, 400 F.3d 508 (7th Cir. 2005) is unavailing. In *Casey K.* the district issued a new IEP that did not authorize the student's continued placement at the school district's expense, prompting the parents to invoke the stay-put provision to maintain that placement during the dispute. That is not the case here, where each student-plaintiff continues to attend iBrain at the DOE's expense. As evidenced by Plaintiffs' previously denied motions for emergency relief, Plaintiffs have failed to present any evidence that the students' placements are at risk.

Moreover, Defendants are not in violation of any court order. Defendants have complied with their pendency obligations and remitted pendency payments as appropriate for students with an unappealed pendency order and an active administrative proceeding through March 31, 2026. Since the filing of the instant matter, some of the underlying administrative cases have concluded, thus ending Plaintiffs' entitlement to pendency, while other pendency determinations are currently

---

[2] For example: *Susquenita School District v. Raelee S.*, 96 F.3d 78, 84-87 (3d Cir. 1996) and *Murphy v. Arlington Central School District Board of Education*, 86 F. Supp. 2d 354, 365-67 (S.D.N.Y. 2000).

on appeal before the SRO. Further pendency payments where applicable will be made in due course. Plaintiffs' allegations that those payments are somehow insufficient or untimely are in direct contravention of *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023) (Finding that DOE's ordinary payment procedures are in line with the realities of bureaucratic administration. "The DOE receives thousands of funding requests under the IDEA at the start of each school year and spends hundreds of millions of dollars annually to fund placements […] If each pendency order entitled parents or guardians to immediate payment, school districts would be unable to implement basic budgetary oversight measures, such as requiring receipts before reimbursement." *Ventura de Paulino*, 959 F.3d at 535 (citation omitted).") Finally, where pendency orders are under appeal with the State Review Office, those orders definitionally cannot be "clear and unambiguous" such that failure to implement them rises to the high standard needed to prove contempt.

In short, Plaintiffs cannot prove contempt because Defendants have not violated any court order. Accordingly, there is no basis for such a finding and Plaintiffs' request for a conference and expedited briefing schedule should be denied.

**Plaintiffs Fail to Plead a 1983/Monell Claim**

To state a claim under Section 1983 against a municipal defendant, a plaintiff must allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted) (quoting Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007); see also *Agosto v. N.Y.C. Dep't of Educ*.,982 F'3d 86, 97 (2d Cir. 2020). Plaintiffs seeking to hold liable a local government under §1983 must prove that "action pursuant to official municipal policy" caused their injury." *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978). To support the existence a municipal policy or custom, a plaintiff must provide evidence  of "(i) a formal policy officially endorsed by the municipality; (ii) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation  in question; (iii) a practice so consistent and widespread that, although not expressly authorized,  constitutes a custom […]of which a supervising policy-maker must have been aware; or (iv) a failure by policymakers to provide adequate training or supervision to subordinates to such an  extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Scott v. Westchester County,* 434 F. Supp. 3d 188, 201 (S.D.N.Y. 2020).

Having failed to sufficiently plead the above requirements Plaintiffs still seek an "accelerated schedule for targeted merits discovery and briefing on the already pleaded § 1983/*Monell* claims." This Court should deny that request or, alternatively, dismiss the claims for failure to state a claim. The complaint is void of any alleged constitutional violations that were caused by an official DOE policy. Rather than identify a "widespread" policy or practice, Plaintiffs offer only a single conclusory assertion that "Defendants violated Plaintiffs' rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that the long-standing provisions of the IDEA and New York State special education laws are being implemented." ECF No. 1 at para 276. Given Plaintiffs insufficiently plead 1983 claims, accelerated discovery on this issue would be futile and should be denied.

**Conclusion**

For the foregoing reasons, Plaintiffs' motion for a conference should be denied in its entirety. Thank you for Your Honor's consideration.

Sincerely,

_____/s/ KLR_____

Kimberly L. Roc
Assistant Corporation Counsel

cc.   **By ECF**
Plaintiffs' Counsel

The Court has reviewed Plaintiffs' letter motion seeking (i) leave to file a contempt motion and (ii) accelerated merits discovery on Plaintiffs' claims under Section 1983 and *Monell* (Dkt. #59), as well as Defendants' above response (Dkt. #64).  Both of Plaintiffs' requests are DENIED.

On the contempt issue, Defendants are correct that Plaintiffs have not identified a single Order of this Court with which Defendants have failed to comply.  *See United States* v. *Charmer Indus.*, 722 F.2d 1073, 1079 (2d Cir. 1983) ("It is well settled that a court may not hold a person in contempt unless he has violated a definite and specific order of the court."); *Fendi Adele S.R.L.* v. *Burlington Coat Factory Warehouse Corp.*, No. 06 Civ. 85 (LBS), 2007 WL 2982295 (S.D.N.Y. Oct. 10, 2007) ("A party will be held in civil contempt of a court order only upon a showing of 'clear and convincing' evidence of a violation of 'a clear and unambiguous' order of the court." (quoting *New York* v. *Loc. 28, Sheet Metal Workers' Int'l Ass'n*, 170 F.3d 279, 282-83 (2d Cir. 1999))).

To the extent that Plaintiffs seek to argue that Defendants' contemptible conduct is a violation of the IDEA's stay-put provision (*see* Dkt. #59 at 2 (citing *Casey K.* v. *St. Anne Cmty. High Sch. Dist. No. 302*, 400 F.3d 508, 511 (7th Cir. 2005) for the proposition that the stay-put provision is punishable by contempt), they have provided no evidence that students' placements are at risk.  Defendants have not raised a remotely colorable claim for contempt, so leave to file a motion seeking such a remedy is DENIED.

On the second issue, discovery is inappropriate because Defendants wish to move to dismiss Plaintiffs' Section 1983 and Monell claims. (*See* Dkt. #25-26, 39).  In a similar case before this Court, *Davis et al. v. Aviles-Ramos et al.*, 25 Civ. 7555, the Court stayed consideration of Defendants' motion to dismiss until after the various interlocutory appeals have been resolved.  (25 Civ. 7555, Dkt. #57 (citing Dkt. #45)).  For that reason, the Court denied Plaintiffs' near identical request for leave to file a contempt motion and to conduct discovery.  (*Id.*).

In this case, although the Court has not stayed the pending motion to dismiss, there are nonetheless two pending interlocutory appeals.  (*See* Dkt. #31, 53).  The Court seriously doubts its jurisdiction to resolve the motion to dismiss while those appeals are pending.  In any event, it does not believe discovery is appropriate while two interlocutory appeals and a motion to dismiss are pending. Consequently, Plaintiffs' motion for accelerated merits discovery is DENIED.

The Clerk of Court is directed to terminate the pending motion at docket entry 59.

Dated:     April 3, 2026          SO ORDERED.
           New York, New York

                                  *Katherine Polk Failla*

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE