UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVER BRUCKAUF, *Individually and as Parent and Natural Guardian of E.B.*; JANERIS RODRIGUEZ MEJIA, *Individually and as Parent and Natural Guardian of E.R.*; MAYTINEE BIRD, *Individually and as Parent and Natural Guardian of H.C.*; DONNA CORNETT, *Individually and as Parent and Natural Guardian of J.B.*; KAMOLPORN LUMMAYOS, *Individually and as Parent and Natural Guardian of R.L.*; CLAUDIA RIVAS, *Individually and as Parent and Natural Guardian of S.C.*; SANDRA LEE, *Individually and as Parent and Natural Guardian of V.G.*; MADELINE GRULLON, *Individually and as Parent and Natural Guardian of C.B.*; MARIA HIDALGO, *Individually and as Parent and Natural Guardian of L.S.*; ADEJUMOKE OGUNLEYE, *Individually and as Parent and Natural Guardian of D.O.*; ROSA ELBA DE PAULINO, *Individually and as Parent and Natural Guardian of R.P.*; MARTINE THOMAS, *Individually and as Parents and Natural Guardians of A.T.1*; SCOTT THOMAS, *Individually and as Parents and Natural Guardians of A.T.1*; SHANTEL TALLEY, *Individually and as Parent and Natural Guardian of A.C.*; MARLENE VASQUEZ, *Individually and as Parent and Natural Guardian of L.C.*; LINDA LARACH-COHEN, *Individually and as Parent and Natural Guardian of M.C.*; MARILYN BECKFORD, *Individually and as Parent and Natural Guardian of M.B.*; PATRICK DONOHUE, *Individually and as Parent and Natural Guardian of S.J.D.*; and CRYSTAL CROSLEY, *Individually and as Parent and Natural Guardian of Z.C.,*

                                    Plaintiffs,

25 Civ. 5679 (KPF)

**ORDER**

-v.-

MELISSA AVILES-RAMOS, *in her official capacity as Chancellor of the New York City Department of Education*; and NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

KATHERINE POLK FAILLA, District Judge:

Presently pending before the Court is Defendants' motion to dismiss Plaintiffs' complaint. (Dkt. #25-26). Because this case is currently on appeal before the Second Circuit (*see* Dkt. #21, 53 (notices of appeal)), the Court DENIES Defendants' motion for lack of jurisdiction without prejudice to its future re-filing upon the Court's resumption of jurisdiction.

By way of brief procedural background, Plaintiffs commenced this case with the filing of a complaint on July 9, 2025. (Dkt. #1). On July 15, 2025, Plaintiffs sought a preliminary injunction (Dkt. #8), which application the Court denied at an August 14, 2025 conference (Dkt. #20). Also at that conference, the Court set a briefing schedule for Defendants' anticipated motion to dismiss. (*Id.*). Pursuant to that schedule, Defendants filed their motion to dismiss and supporting documents on October 3, 2026. (Dkt. #25-26). Plaintiffs submitted their opposition on November 3, 2025 (Dkt. #32), and Defendants replied on November 24, 2025 (Dkt. #39). But on September 2, 2025 — after the Court had set the briefing schedule but before Defendants filed their opening brief — Plaintiffs appealed the Court's denial of their motion

2

for a preliminary injunction.  (Dkt. #21).  This appeal divested the Court of jurisdiction to decide the motion to dismiss.

In general, "[t]he filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs* v. *Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  That is, for appeals from interlocutory orders (such as the Court's denial of Plaintiffs' preliminary injunction motion), "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal."  *N.Y. State Nat. Org. for Women* v. *Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989).  Here, that means the Court lacks jurisdiction to decide the motion to dismiss if it raises the same questions as those raised and decided in the motion for a preliminary injunction.  As explained below, that is the case:  The issues raised in the motion to dismiss wholly overlap with those raised in the motion for a preliminary injunction.

Plaintiffs are the parents and natural guardians of disabled students who attend the International Academy of the Brain ("iBRAIN").  (Dkt. #1 ¶¶ 10, 43-160).  Plaintiffs' preliminary injunction motion sought an order requiring Defendant New York City Department of Education to make payments funding the students' pendency placements at iBRAIN for the 2025-2026 school year, including tuition, transportation, and nursing services.  (Dkt. #8 at 8). Naturally, Plaintiffs' complaint sought the same thing.  (*E.g.*, Dkt. #1 ¶ 290 (asserting as a second cause of action that "Plaintiffs are entitled to an

injunction directing Defendants to fully fund each Student's Pendency placement at iBRAIN … during the pendency of each Student's relevant due process proceedings")).  And unsurprisingly, Defendants argue in their motion to dismiss that the Court should not grant Plaintiffs this relief.  (*See* Dkt. #26 at 1-3).  Indeed, Defendants argue that Plaintiffs sought the identical relief in their preliminary injunction motion as in their complaint — and because the Court previously denied the preliminary injunction motion, Defendants contend that the Court should dismiss the complaint too.  (*Id.* at 11 ("Plaintiffs sought the same relief in their Motion for a Preliminary Injunction as in their complaint.  The Court denied Plaintiffs['] motion for a preliminary injunction, thereby making the instant complaint moot. … Given that the Court has disposed of Plaintiffs' request for declaratory relief, the main relief sought in Plaintiffs complaint, there are no further substantive claims left to decide.").  Therefore, because "the questions raised and decided in the order that is on appeal" — here, the Order denying Plaintiffs' motion for a preliminary injunction (Dkt. #20) — are the same questions as those raised in Defendants' motion to dismiss (a fact that Defendants acknowledge in their brief), the Court is divested of jurisdiction to decide the motion to dismiss, *Terry*, 886 F.2d at 1350.

Moreover, the Court is doubly divested of jurisdiction because Plaintiffs in fact moved a second time for a preliminary injunction on February 20, 2026, again seeking pendency payments but this time only for nursing services.  (*See* Dkt. #47-3 at 1 ("Plaintiffs respectfully move for a Temporary Restraining Order

and/or Preliminary Injunction directing Defendants to immediately implement and fund the Students' established pendency placements by issuing required pendency payments for 1:1 nursing services.")).  Plaintiffs brought this motion on an emergency basis (*id.*), and the Court denied the motion on March 5, 2026, following a conference that same day.  (Dkt. #52).  This second interlocutory appeal also divested the Court of jurisdiction to decide Defendants' motion to dismiss.  (*See* Dkt. #65 ("The Court seriously doubts its jurisdiction to resolve the motion to dismiss while [two interlocutory] appeals are pending [in this case].")).

Additionally, the Court declines to exercise its discretion to issue an indicative ruling under Federal Rule of Civil Procedure 62.1.  *See* Fed. R. Civ. P. 62.1(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may … deny the motion.").

Accordingly, the Court DENIES Defendants' motion to dismiss for lack of jurisdiction without prejudice to its future re-filing upon the Court's resumption of jurisdiction.  The Clerk of Court is directed to terminate the pending motion at docket entry 25.

SO ORDERED.

Dated:   April 20, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

5