



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**KIMBERLY L. ROC**
(212) 356-2555
kroc@law.nyc.gov

April 22, 2026

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:     *Bruckauf et al. v. Melissa Aviles-Ramos et al.*
25-cv-05679 (KPF)

Dear Judge Failla:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, the attorney assigned to represent Defendants in the above-referenced matter. In accordance with the Court's Order dated April 20, 2026 (ECF No. 70) Defendants submit this letter in opposition to Plaintiffs' letter motion for an indicative ruling under Rule 62.1(a)(3). For the reasons set forth below, Plaintiffs' application should be denied in its entirety.

The instant letter motion seeking an indicative ruling is the second of its kind in this matter, and represents the fifth variation of a motion seeking some form of expedited relief.[1] Notably, on April 20, 2026 the Court denied Defendants' motion to dismiss without prejudice and declined to exercise its discretion to issue an indicative ruling under Federal Rule of Civil Procedure 62.1. ECF No. 70. Defendants submit that the Court should decline its discretion to do so here as well. Plaintiffs have filed nearly identical motions for relief in four other cases in this District.[2] Less than a month ago, this Court denied Plaintiffs' motion for an indicative ruling *sua sponte*, noting that, at Plaintiffs' request for emergency relief by way of a TRO, it had "convened a lengthy telephonic hearing that made plain the evidentiary deficiencies in Plaintiffs' motion, and it thereafter denied the requested relief." ECF No. 61 at 8. The same evidentiary deficiencies exist here. Plaintiffs' assertion that purportedly new facts regarding iBrain's (a non-party to this case)

---

[1] *See* ECF No. 8, Dkt Text Order dated August 14, 2025, ECF Nos. 28-31, Dkt Text Order dated October 10, 2025, ECF No. 47, Dkt Txt Order dated March 5, 2025, and ECF Nos. 60 and 61.

[2] *Zafrani v. Aviles-Ramos,* 25-cv-9772 (MMG), *Abreu et al v. Aviles-Ramos,* 25-cv-5499 (RA), *Juca v. Aviles-Ramos,* 25-cv-6972 (DEH, and *Cynthia Ramos v. Samuels et al,* 26-cv-3128 (LJL)

alleged school closure materially alters the posture requiring an indicative ruling is unfounded. Plaintiffs' assertions concerning the school's closure are entirely speculative[3] and should not be credited as a basis to compel the DOE to make any further payments.

Indeed, this Court has previously held the same. In January 2024, Plaintiffs' counsel advanced the same argument in *Grullon et al v. Banks*, 23-cv-10388 (KPF). As your Honor made clear in that matter, it is not the DOE's obligation to avert the closure of iBrain by expediting payments to mitigate its alleged financial hardships:

> THE COURT: I don't think it's DOE's obligation to avert a close down of the school.
>
> MR. BELLANTONI: Well, when they have an obligation to pay pendency for those kids-
>
> THE COURT: The children can be educated elsewhere, sir.

*Grullon et al v. Banks*, et al, 23-cv-10388 (KPF), Tr. of Jan. 5, 2024 Hrg., ECF 39-3, at 58:7-12. *See also id.* at 62:4-15:

> THE COURT: I'm also not saying that students at iBrain, if not iBrain itself, should not advocate for prompt payment, and I actually have no horse in the race as to iBrain's continuing vitality or viability as a provider of its services to students. It is not my place to keep them afloat. It is not my place to shut them down. All of that said, I am troubled, because with each of these three waves of litigation, iBrain has suggested that somehow its students and by extension it is entitled to payment ahead of everybody he would [*sic*]. There are many schools and many students, and I am troubled by these aggressive litigation positions to basically short circuit the line that every other school's students waits on.

Plaintiffs' instant request is a clear indication that iBrain has chosen to rely entirely on the DOE to sustain its operations. However, as this Court has previously stated, the DOE is simply not responsible for iBrain's financial viability.

Plaintiffs' request for an indicative ruling is further meritless, as they have failed to provide evidence of any material change in circumstances. As discussed above, Plaintiffs' purported "new" development, that the school's closure is attributable to the DOE's nonpayment, has been alleged many times before and is not supported by any compelling evidence. The email attached to

---

[3] *See Ramos et al. v. Samuels et al,* 26-cv-3128 (LJL)  ECF No. 18 (denying Plaintiffs motion for emergency relief stating, "There is no evidence what th[e] staffing limitations are, what caused them, how long they are likely to last or if they will recur, and how they are affecting the school. Second, Plaintiff has not provided any explanation as to how the funding of a single student's pendency would alleviate the underlying problem they have identified, which allegedly is the inability to pay more than 200 staff membes and make payments on past-due rent."

Plaintiffs' original letter motion, purportedly from iBrain COO Daniel Sebbag, provides no actual evidence of a material change. Notably, the email's "to" and "from" fields both list Daniel Sebbag, offering no indication that it was ever sent to parents. ECF No. 69-1.

In response to Plaintiffs' motion, the Court directed Plaintiffs to submit: (i) communications from March 28, 2026, forward between iBrain and parents regarding the school's closure due to current staffing limitations; (ii) communications regarding the reopening of the school, including the circumstances and anticipated timeline for reopening; and (iii) communications between iBrain and the DOE concerning the same subject matter in (i) and (ii). ECF No. 70. The three emails Plaintiffs submitted in response, one of which was already included in their original filing, fail to comply with this directive. ECF No. 71. None of the emails were communications between iBrain and parents. *Id*. Rather, as mentioned above, each reflects a message sent from Daniel Sebbag to himself, and thus does not satisfy the Court's requirement of producing actual communications. Moreover, Plaintiffs have submitted no evidence demonstrating that the relief they seek, an indicative ruling that the Court would grant targeted emergency relief upon remand, would address the alleged harms to these Plaintiffs. Thus, aside from self-serving internal emails, the record is devoid of evidence supporting Plaintiffs' requested relief. Accordingly, Plaintiffs' request should be denied in its entirety

Finally, in addition to Defendants' request that Plaintiffs' application be denied in its entirety, Defendants submit that because Plaintiffs place iBrain's financial capacity to remain operational at issue, limited discovery consistent with orders issued in similar matters in this District, is warranted. Similar discovery is ongoing in *Mendez v. Aviles Ramos,* 25-cv-5746 (CM) (SLC). Additionally, in *Abreu et al v. Aviles-Ramos,* 25-cv-5499 (RA), Judge Abrams issued an order on April 20, 2026 in response to an identical request for indicative ruling requiring plaintiffs to produce "all relevant financial information, such as income statements, balance sheets, and cash flow statements, that can assist the Court in assessing iBRAIN's financial condition as of April 15, 2026." ECF No. 84. By letter dated April 21, 2026, Plaintiff's counsel refused to provide that information. In a conference in *Ramos v. Samuels,* 26-cv-3128 (LJL), Judge Liman denied Plaintiff's request for a temporary restraining order and further proposed consolidated discovery across all matters where plaintiffs currently seek relief in connection with iBrain's purported closure. The parties' discussions concerning that case as well as the most efficient and appropriate path forward concerning discovery remain ongoing.

Should the Court be inclined to credit Plaintiffs' assertions that iBrain is at risk of closure, Defendants submit that the Court should authorize the same limited, expedited discovery contemplated in *Ramos* and *Abreu* and that is ongoing in *Mendez*. iBrain's financial condition is the sole basis for Plaintiffs' pending request for emergency relief; however, the present motion contains no reliable evidence establishing that iBrain is in financial distress. Therefore, discovery as to iBrain's finances is warranted if any of Plaintiffs' claims are to remain.

**Conclusion**

For the foregoing reasons, Plaintiffs' motion should be denied in its entirety.
Thank you for Your Honor's consideration.

Sincerely,

                           _____/s/ KLR_____
                           Kimberly L. Roc
                           Assistant Corporation Counsel

cc.   **By ECF**
       Plaintiffs' Counsel

The Court has reviewed (i) Plaintiffs' motion for emergency relief and an indicative ruling under Federal Rule of Civil Procedure 62.1 and supporting documents (Dkt. #68-69), (ii) Plaintiffs' letter response to the Court's Order to produce certain communications relevant to their motion (Dkt. #71), and (iii) Defendants' above response to Plaintiffs' motion (Dkt. #73).

The Court DENIES Plaintiffs' request for an indicative ruling under Rule 62.1 for substantially the reasons set forth in Defendants' response. (*See* Dkt. #73).  Further, the Court finds persuasive the reasons provided by Judge Lewis J. Liman for denying similar emergency relief sought by an iBRAIN parent in a similar case.  *See Ramos* v. *Samuels*, No. 26 Civ. 3128 (LJL) (Dkt. #18).

Additionally, in their response Defendants request limited discovery into iBRAIN's financial condition.  (Dkt. #73).  The Court understands that discovery of this kind is ongoing in other cases in this District. *E.g.*, *Mendez* v. *Aviles Ramos*, No. 25 Civ. 5746 (CM) (SLC).  The Court agrees that such discovery would be appropriate in this case and encourages the parties to meet and confer and submit a letter regarding the appropriateness and contours of such discovery here.

The Clerk of Court is directed to terminate the pending motion at docket entry 68.

Dated:    April 22, 2026          SO ORDERED.
          New York, New York

                                 Katherine Polk Failla

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE